IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELIZABETH A. SINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | Case No. 3:09-cv-00674 |
| ) | Judge Wiseman |
| CRICKET COMMUNICATIONS ) | Magistrate Judge Griffin |
| WIRELESS COMPANY, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## PROTECTIVE ORDER

To adequately protect material entitled to be kept confidential, expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" or "For Attorney Eyes Only" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means (a) any personnel or personal information for employees of defendant Cricket Communications Wireless Company. ("Cricket"), its parent or subsidiaries, including any personnel database identifying such employees, (b) any document or information designated as confidential in accordance with paragraph 6 of this Order, and (c) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information under paragraphs 2(b) or 2(c) may be challenged pursuant to paragraph 10 of this Order. "For Attorney Eyes Only Information" shall include any Confidential Information which

the producing party or non-party reasonably believes to be a trade secret or so competitively sensitive that it is entitled to extraordinary protections.

3. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information or For Attorney Eyes Only Information.

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information, For Attorney Eyes Only Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information, For Attorney Eyes Only Information or other information in connection with the litigation.

6. A. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee of Cricket or a subsidiary, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, and (ii) trade secrets or other non-public proprietary, strategic or commercial information, data or research of Cricket or one or more of its subsidiaries.

B. The Producing Party may designate as For Attorney Eyes Only Information any information it believes to be any Confidential Information which the producing party or non-

party reasonably believes to be a trade secret or so competitively sensitive that it is entitled to extraordinary protections.

C. To designate Confidential Information or For Attorney Eyes Only Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information or For Attorney Eyes Only Information. To designate Confidential Information or For Attorney Eyes Only Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

> a) a named plaintiff, in accordance with the procedures set forth in paragraph 8 of this Order;
>
> b) the Court and its officers (including court reporters);
>
> c) counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;
>
> d) Cricket's or its subsidiaries' or affiliates' in-house counsel;
>
> e) experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;
>
> f) fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order.

3

"For Attorney Eyes Only Information" may be disclosed only to any persons falling within categories (b) through (e) above and shall not be disclosed or revealed to any party and shall be used solely in connection with this litigation.

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(a) through 7(f) of this Order only under the conditions set forth below:

    a) Prior to disclosure of Confidential Information, the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

    b) Any person who receives Confidential Information pursuant to paragraphs 7(a) through 7(f), shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

    c) The Recipient who discloses Confidential Information pursuant to paragraphs 7(a) through 7(f), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

The recipient of For Attorneys' Eyes Only Information shall disclose such information to persons set forth in paragraphs 7(b) through 7(e) of this Order only under the conditions set forth above in paragraph 8(a) through 8(c). The recipient of For Attorneys' Eyes Only Information shall also advise the persons set forth in paragraphs 7(b) through 7(e) above that such information is "Attorneys' Eyes Only" and may not be disclosed to any person, including persons identified in paragraphs 7(a) and 7(f) above.

9. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information or For

4

Attorney Eyes Only Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information or For Attorney Eyes Only Information shall remain subject to the designations and restrictions of this Order.

10. Inadvertent failure to designate Confidential Information or For Attorney Eyes Only Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11. All information obtained by a Recipient in discovery in this litigation shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude Cricket (or a subsidiary of it) from pursuing legal or other business action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law. No Recipient or other person to whom Confidential Information or For Attorney Eyes Only Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential

Information or For Attorney Eyes Only Information except as necessary for purposes of the litigation.

12. Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information or For Attorney Eyes Only Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

13. Confidential Information or For Attorney Eyes Only Information shall not be filed in the public record of this litigation. Any Confidential Information or For Attorney Eyes Only Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed in accord with § 5.07 of Administrative Order No. 167. Where possible, only the portions of filings containing Confidential Information or For Attorney Eyes Only Information shall be filed with the Court under seal.

14. The restrictions set forth in this Order shall not apply to:

> a) information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;
>
> b) Cricket (or its subsidiaries), with respect to its own information or information received or created during the normal course of its own business.

Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and

procedures set forth in paragraphs 2 through 10 of this Order. The owner of Confidential Information or For Attorney Eyes Only Information shall be able to seek protection of that information in accordance with paragraph 6 of this Order even if it did not produce that information in discovery.

15. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

16. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information or For Attorney Eyes Only Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information or For Attorney Eyes Only Information.

17. In the event plaintiffs or their counsel obtain information of Cricket's (or its subsidiaries) from a third party that Cricket believes is confidential, Cricket may designate such information Confidential Information pursuant to this and Order and it shall be treated as such in accordance with this Order.

18. If a Recipient discloses Confidential Information or For Attorney Eyes Only Information in a manner not authorized herein, the Recipient must immediately and in writing

7

notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

19. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

SIGNED this 20th day of April, 2010.

_____
JULIET GRIFFIN, U.S. Magistrate Judge

_____

/s Kevin H. Sharp
Kevin H. Sharp (BPR#016287)
Drescher and Sharp, P.C.
1720 West End Avenue, Suite 300
Nashville, TN 37203
(615) 425-7111

/s Dona McClellan
Dona McClellan (BPR#025553)
1812 Broadway
Nashville, TN 37203
(615) 515-3530
(615) 515-3512 (*Facsimile*)

Attorneys for Plaintiff

/s William S. Rutchow
William S. Rutchow (BPR # 017183)
Jennifer S. Rusie (BPR # 026009)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, Tennessee 37219
(615) 254-1900
(615) 254-1908 (*Facsimile*)
william.rutchow@odnss.com
jennifer.rusie@odnss.com

Attorneys for Cricket Communications Wireless Company

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

      The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in Singer v. Cricket Communications Wireless Company, Civil Action No. 3:09-cv-674 and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the Middle District of Tennessee for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information or For Attorneys' Eyes Only Information made available to him/her other than in accordance with the Order.

Dated: _____, 2010

By: _____

_____
(Type or print name of individual)

Of: _____
      Name of Employer

10

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2010, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Kevin H. Sharp
Drescher and Sharp, P.C.
1720 West End Avenue, Suite 300
Nashville, TN 37203

Dona McClellan
1812 Broadway
Nashville, TN 37203

s/ Jennifer S. Rusie